# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *    *
HEATHER LAVAYEN, on behalf of    *
G.R.C., a minor                  *        No. 15-1247V
                   Petitioner,   *        Special Master Christian J. Moran
                                 *
v.                               *        Filed: March 9, 2017
                                 *
SECRETARY OF HEALTH              *        Stipulation; diphtheria-tetanus-
AND HUMAN SERVICES,              *        acellular pertussis ("DTaP") vaccine;
                                 *        meningococcal ("MCV") vaccine;
                                 *        chronic inflammatory demyelinating
                                 *        polyneuropathy ("CIDP")
                                 *
                   Respondent.   *
* * * * * * * * * * * * * * * * * * *    *
```

<u>Dianna L. Stadelnikas</u>, Maglio Christopher and Toale, Sarasota, FL, for Petitioner;
<u>Ann D. Martin</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **UNPUBLISHED DECISION**[1]

On March 9, 2017, the parties filed a joint stipulation concerning the petition for compensation filed by Heather Lavayen on behalf of her daughter, G.R.C., on October 26, 2015. In her petition, petitioner alleged that the diphtheria-tetanus-acellular pertussis ("DTaP") and/or meningococcal ("MCV") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which G.R.C. received on August 5, 2014, caused G.R.C. to suffer chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petitioner further alleges that G.R.C. suffered the residual effects of this condition for more than six months.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of G.R.C. as a result of her condition.

Respondent denies that the vaccine(s) caused G.R.C. to suffer CIDP or any other injury or her current condition.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation, which represent all damages that would be available under 42 U.S.C. § 300aa-15(a), include:

>    a.  **A lump sum of $6,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Heather Lavayen;**
>
>    b.  **A lump sum of $50,000.00 in the form of a check payable to petitioner as guardian/conservator of G.R.C.'s estate; and**
>
>    c.  **An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 15-1247V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

HEATHER LAVAYEN, on behalf of )
G.R.C., a minor, )
)
     Petitioner, )
)
         v. )
)
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
     Respondent. )

No. 15-1247V
Special Master Moran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, G.R.C., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to G.R.C.'s receipt of diphtheria-tetanus-acellular pertussis ("DTaP") and/or meningococcal ("MCV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. G.R.C. received DTaP and MCV immunizations on August 5, 2014.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the vaccine(s) caused G.R.C. to develop chronic inflammatory demyelinating polyneuropathy ("CIDP") and that G.R.C. experienced residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of G.R.C. as a result of her condition.

6. Respondent denies that the vaccine(s) caused G.R.C. to suffer CIDP or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments for all damages that would be available under 42 U.S.C. § 300aa-15(a):

> a. A lump sum of $6,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Heather Lavayen;
>
> b. A lump sum of $50,000.00 in the form of a check payable to petitioner as guardian/conservator of G.R.C.'s estate; and
>
> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
> d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of G.R.C., pursuant to which the Life Insurance Company will agree to make payments periodically to G.R.C., as follows:

> Beginning July 3, 2024, $22,570.00 payable annually for a period of four (4) years certain only.

The payments provided for in this paragraph 10 shall be made as set forth above.  Should G.R.C. predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to her estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of G.R.C.'s death.

11.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure the future annuity payment.  Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to the future annuity payment.

12.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

3

13.  Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award for past unreimbursable expenses and attorneys' fees and costs, the money provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of G.R.C. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.  Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of G.R.C.'s estate under the laws of the State of Florida.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of G.R.C.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of G.R.C. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of G.R.C. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of G.R.C. on behalf of herself, G.R.C., and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of G.R.C. resulting from, or alleged to have resulted from, the DTaP and/or MCV vaccinations administered on August 5, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about October 26, 2015, in the United States Court of Federal Claims as petition No. 15-1247V.

18. If G.R.C. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP and/or MCV vaccines caused G.R.C. to suffer CIDP or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of G.R.C.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

HEATHER LAVAYEN

**ATTORNEY OF RECORD FOR**
**PETITIONER:**

Amber Wilson
For: Diana
Stadelnikas

DIANA L. STADELNIKAS, Esq.
Maglio Christopher and Toale, P.A.
1605 Main Street, Suite 710
Sarasota, FL 34236
Tel: (888) 952-5242

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815

Dated: March 9, 2017

7